UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action Docket No.: 04-11167DPW

| | |
|---|---|
| IRENE McCARTHY            ) | |
|     Plaintiff         ) | |
|                      ) | |
| v.                                 ) | |
|                      ) | |
| TAYLOR STRAUSS and    ) | |
| MARK STRAUSS,            ) | |
|     Defendants       ) | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SERVE INITIAL DISCLOSURES, ANSWER INTERROGATORIES, AND RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COME Defendants and move this Court for an Order compelling Plaintiff to serve her Initial Disclosures, to produce the documents described in Defendants' Requests for Production of Documents and to answer Defendants' Interrogatories within 30 days and assigns as reasons therefore that:

1. The Scheduling Conference in this matter was held on September 9, 2004, and more than 14 days have passed and Plaintiff has not served her Initial Disclosures.

2. Defendants served Requests for Production of Documents and Interrogatories upon Plaintiff on September 29, 2004.

3. On October 18, 2004, counsel for Plaintiff and Defendant had a telephone conference in which Plaintiff's counsel indicated that his office was drafting responses to requests for production of documents and answers to interrogatories. Plaintiff's counsel indicated that Plaintiff was ill with cancer. Plaintiff's counsel also stated that his office would call Defendants' counsel the following day with an update as to when Defendants' counsel could expect to receive the Plaintiff's Answers and Responses.

4. On November 1, 2004, after not hearing from Plaintiff's counsel as to the status of Plaintiff's Answers and Responses, Defendant's counsel wrote to Plaintiff's counsel reminding Plaintiff's counsel that Plaintiff's Initial Disclosures, Answers to Interrogatories, and Responses to Requests for Production of Documents were overdue.  Defendants' counsel stated in that letter that she would file a Motion to Compel if the Initial Disclosures, Answers, and Responses were not received on or before November 15, 2004.  (Letter attached hereto.)

5. Plaintiff's counsel did not respond to the letter, and on November 23, 2004, Defendants' counsel left Plaintiff's counsel a voice mail message requesting Plaintiff's Initial Disclosures, Answers, and Responses.  Another attorney from Plaintiff's counsel's office then left a voice mail message for Defendants' counsel indicating that the Answers and Responses would be served within ten days.  Defendant's counsel left a voice mail message for Plaintiff's counsel that it was agreed that Plaintiff would serve Answers and Responses within ten days.  Plaintiff's counsel then left a voice message for Defendant's counsel stating that since Plaintiff was undergoing chemotherapy, Plaintiff still would not be able to serve the Answers and Responses.

6. On November 24, 2004, counsel for Defendant left a message for Plaintiff's counsel indicating that she expected to be served with Plaintiff's Responses within ten days but was not as concerned about Plaintiff's Answers, considering Plaintiff's health and the fact that Plaintiff's counsel had previously promised a copy of Plaintiff's medical records and bills but had not yet served them.

7. Counsel for both Plaintiff and Defendants spoke again on December 2, 2004 about the status of receiving Plaintiff's Initial Disclosures, Answers, and Responses.  Plaintiff's counsel again reiterated that Plaintiff was ill, and Defendant's counsel reiterated that she expected to receive the discovery responses from Plaintiff's counsel that did not require Plaintiff's assistance, particularly a copy of Plaintiff's medical records and bills.  Plaintiff's counsel agreed to

forward a copy of Plaintiff's medical bills and denied that he had any of Plaintiff's medical records.

8. Three weeks have passed since Plaintiff's counsel last agreed to forward Plaintiff's medical bills, and Defendants' counsel has still not received Plaintiff's Initial Disclosures, Answers, or Responses.

For the forgoing reasons, Defendant respectfully requests that the Court allow Defendant's Motion and issue an Order requiring Plaintiff to respond to Defendant's Rule 33 and 34 discovery requests and to provide Plaintiff's Initial Disclosures as required by Rule 26(a)(1) within 30 days.

Defendants,
By their Attorney,

s/Elizabeth A. Shaw
_____
Elizabeth A. Shaw
BBO#: 655183
Weston, Patrick, Willard & Redding
84 State Street
Boston, MA 02109
(617) 742-9310

## CERTIFICATE OF SERVICE

This will certify that on this date I served this document(s) on the attorneys of record in the above-entitled action by mailing a copy thereof, postage prepaid.

s/Elizabeth A. Shaw
_____
Elizabeth A. Shaw, BBO #655183
Weston, Patrick, Willard & Redding
84 State Street
Boston, MA 02109
(617) 742-9310

Dated: 12/23/04

**WESTON, PATRICK, WILLARD & REDDING**
A PROFESSIONAL ASSOCIATION OF INDEPENDENT ATTORNEYS SINCE 1897*
84 STATE STREET
BOSTON, MASSACHUSETTS 02109
(617) 742-9310
FACSIMILE (617) 742-5734

| | |
|---|---|
| GEORGE B. REDDING (1905-1998) | L. SETH STADFELD |
| RALPH H. WILLARD, JR. (RET. JUNE 1999) | JOHN R. SHEK |
| _____ | PAUL S. ALPERT |
| | ERIC C. FINAMORE |
| CHARLES E. HOLLY | PETER M. MACY |
| C. PETER R. GOSSELS | MARK H. HOLLY |
| CHARLES S. ADAMS | ESTHER C. BERGLAS |
| RICHARD B. OSTERBERG | TINA LEUNG |
| PAUL F. RYAN | ALLYSON A. GOULD |
| MICHAEL W. WIGGINS | SAMUEL A. AYLESWORTH |
| RONALD E. HARDING | ELIZABETH A. SHAW |
| J. WALTER FREIBERG, III | |
| GREGORY R. BARISON | |

November 1, 2004

Cornelius J. Sullivan, Esq.
Sullivan & Walsh
51 Ellison Avenue
Mattapan, MA 02126-2803

Re:   *McCarthy v. Strauss*
      C.A. No.: 04-11167DPW

Dear Mr. Sullivan:

Defendant's Interrogatories and Requests for Production of Documents to the plaintiff were served on your office on September 29, 2004. More than thirty days have passed and we are yet to receive plaintiff's answers or responses. Additionally, the plaintiff has not yet served her initial disclosures.

Please advise me as to the status of your serving plaintiff's initial disclosures, answers to interrogatories, and responses to requests for production of documents. If the plaintiff's answers, responses, and initial disclosures are not served on or before *November 15, 2004*, we will file a motion to compel pursuant to Federal Rule of Civil Procedure 37.

Thank you for your attention to this matter.

Very truly yours,

s/Elizabeth A. Shaw
Elizabeth A. Shaw